

16801 Addison Road, Suite 124

Addison, Texas 75001-5696

(972) 380-5630 – (800) 691-5630

(972) 380-5635 – Facsimile



FILED

JAN 31 2011
JAN 31 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

NORTHEN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| C.P. PRODUCTIONS, INC. | § | |
| v. | § | Civil Action 1:10-cv-06255 |
| DOES 1-300 | § | |

MOTION TO QUASH

TO THE HONORABLE COURT:

One of the possibly named "Doe" Defendants, herein *pro-se*, files this Motion to Quash a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, as to this Defendant only. In support thereof, this possibly named "Doe" Defendant would show as follows:

1. This Defendant is a customer of Verizon Online, which has been served with the referenced subpoena dated October 25, 2010.

2. This possible Defendant has not been served with any pleadings in this case. This possible Defendant has no knowledge of Plaintiff, this action, or any other aspect of this case.

3. This possible Defendant is not a resident of this District, and believes that there are not sufficient jurisdictional grounds to involve him in this case; that this court lacks jurisdiction over this possible Defendant.

4. This possible Defendant has been advised by Verizon Online that it may be required to turn over certain personal records which it may have accessed in the course of dealings between Verizon Online and Plaintiff, which have no relation to this lawsuit. This Defendant believes that such information is private and privileged, and that Plaintiff should not be entitled to disclosure thereof.

5. This possible Defendant believes, based on information and belief, that this lawsuit alleges copyright violations, but has no idea how this Defendant may possibly be connected with such a claim.

6. Upon information and belief, this possible Defendant believes that this lawsuit arises from the alleged downloading by various parties of Spanish language movies. This possible Defendant belongs to a family where no member (or anybody else in this possible Defendant's household) speaks Spanish.

7. This possible Defendant believes that there is no common nexus of fact, that the various "Doe" defendants presumably have no idea as to the identities of any other Defendants.

8. This possible Defendant believes that this subpoena is issued in bad faith, in order to induce Verizon Online to divulge information which is private and privileged, and is intended only for purposes of harassment of certain customers of Verizon Online.

9. This possible Defendant would show the Court that Plaintiff must make a specific evidentiary showing to obtain the identity of a John Doe Defendant. <u>Columbia Insurance Co. v. Seescandy.com</u>. 185 F.R.D. 573, 577 (N.D. Cal, 1999) which held that Plaitniff must allege "an act giving rise to civil liability <u>actually occurred</u> and that the discovery is aimed at revealing specific identifying features of the person or entity who committed the act." (Emphasis Added). Subpoenas seeking to identify anonymous internet users must be subjected to careful scrutiny by the Courts. <u>Doe v. 2themart.com, Inc.</u>, 140 F. Supp. 2d 1088 (W.D. Washington, 2001). The Plaintiffs must allege an evidentiary basis entitling them to discover the identity of a John Doe to protect against unjustified invasion of such a defendant's right of privacy. <u>Highland Capital Management v. Doe.</u>, 385 F.Supp.2d 969, 970; 975-976 (N.D. California, 2005). This case further held that Plaintiffs must present competent evidence that must addressed all of the inferences of fact needed to prevail under at least one cause of action (<u>ibid.</u>, at 975-976, which holds that "the evidence that Plaitniff adduces must, if unrebutted, tend to support a finding of each fact that is essential to a given cause of action). Here, the Plaintiff has failed to make any such

showing inasmuch the complaint is too vague to even deduce what it alleges in violation of the Copyright Act.

10. Furthermore, this Possible Doe believes that this subpoena seeks the identification of this Possible Doe as a user of internet services which may have been provided by Verizon Online, but fails to identify any reason therefore or any individual computer from which they may allege any infringement of copyright laws. They further fail in their pleadings and exhibits to identify any materials which were ever located on any computer, much less a computer owned or under the control of *this* Possible Doe. Something more is required to allow this Plaintiff to invade the privacy of citizens based on such ambiguous allegations.

11. Plaintiff has not alleged any of the following matters of this Possible Doe:

   a. Actual copyright infringement by this Possible Doe, whose identity is sought;

   b. That this Possible Doe invited anyone to copy any of Plaintiff's files;

   c. That this Possible Doe was even aware that material could be copied by third parties such as Plaintiff's agents;

   d. That this Possible Doe had any duty to protect Plaintiff's files from alleged copying over the internet by any third party;

   e. That this Possible Doe did not have a license for the copyrighted works he possessed via the purchase of those works in either electronic or any other format;

   f. Any actual copying of any files on this Possible Doe's computer;

    g. That this Possible Doe even possessed or possesses a computer capable of copying data to another media, across the internet or otherwise.

12. The Complaint in this matter does not allege any actual instances of downloading of copyrighted files on to this Possible Doe's computer. Plaintiff apparently suggests that merely having copyrighted files on an individual computer is "distribution" of copyrighted materials. A copyright owner's exclusive right to distribution is set forth in 17 U.S.C. §109, and the prohibitions shown in that Section do not fit Plaintiff's actions against this Possible Doe.

13. Plaintiffs do not allege that this Possible Doe received any commercial advantage by any alleged conduct. The Complaint's theory of copyright infringement has been considered and rejected in prior cases. <u>National Car Rental System v. Coputer Assoc.,</u> 991 F.2d 426, 434 (8th Circuit, 1993) held that infringement of distribution rights requires actual dissemination. See also <u>Obelensky v. G.P. Putnam's Sons, 628 F. Supp. 1552, 155-56 (S.D.N.Y.) which held no infringement on a copyright owner's right of book distribution occurred by listing the book in a publication. See also Arista Records, inc. v. MP3 Board, Inc.</u>, 2002 U.S. Dist. Lexis 16165 at 13-14 (S.D.N.Y. 8-29-2002).

WHEREFORE, PREMISES CONSIDERED, this Possible Doe requests the Court grant any and all relief the Court may deem appropriate, including but not limited to the dismissal of Plaintiff's Complaint against this Possible Doe, quashing Plaintiff's subpoena as to any non-party CWRU seeking this Possible Doe's private information, and that the Court award this Possible Doe attorney's fees and costs.

Respectfully submitted,

*Possible John Doe*

_____

Possible Doe, *pro-se*

*c/o*

*16801 Addison Road, Suite 124*

*Addison, Texas 75001-5696*

*(469) 916-3726*

*(972) 380-5635 – Facsimile*

*Justlaw786@yahoo.com*

CERTIFICATE OF SERVICE

A copy of the foregoing has been served on Plaintiff by Fax to John Steele Law firm at fax # 312 893 5604 as well as by First Class Mail on this 27th day of January, 2010.

*Possible John Doe*

| | |
|---|---|
| TRANSMISSION VERIFICATION REPORT | |

```
                                          TIME    : 01/27/2011 15:55
                                          NAME    : HACKER
                                          FAX     : 972-380-5635
                                          TEL     : 9723805635
                                          SER.#   : BROE3J402744
```

```
DATE,TIME              01/27  15:53
FAX NO./NAME           3128935604
DURATION               00:01:37
PAGE(S)                06
RESULT                 OK
MODE                   STANDARD
```

16801 Addison Road, Suite 124

Addison, Texas 75001-5696

(972) 380-5630 – (800) 691-5630

(972) 380-5635 – Facsimile

UNITED STATES DISTRICT COURT

NORTHEN DISTRICT OF ILLINOIS

C.P. PRODUCTIONS, INC.　　　　　§

v.　　　　　　　　　　　　　　　§　　Civil Action 1:10-cv-06255

DOES 1-300　　　　　　　　　　　§

MOTION TO QUASH