

**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

MAR 0 1 2011
Mar 1. 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MOTION TO QUASH OR VACATE SUBPOENA

DOES 1-300 )
   Defendants, )
                       )
                       )
                       ) DOCKET NO. 1:10-CV-06255
                       ) CASE NO.    10 C 6255
v.                               )
                       )
                       )
CP PRODUCTIONS, INC )
   Plaintiff. )
                       )

**MOTION TO QUASH SUBPOENA**

NOW COMES John Doe, user of I.P. Address 69.246.214.205, and for his Motion to Quash the Subpoena issued to Comcast Cable Communications, LLC ("Comcast") dated February 11, 2011, states as follows:

1. John Doe, as a user of I.P. Address 69.246.214.205, requests that the Court quash the subpoena pursuant by the Plaintiff to order Comcast to supply personally identifiable information related to the I.P. Address aforementioned.

1.

2. Plaintiff's subpoena should be quashed because it does not contain any information about the claimed copyrighted work, for example file name and/or movie name nor file type and/or movie type, on the allegedly uploaded and/or downloaded movie using a computer assigned the I.P. Address 69.264.214.205 on 9/28/2010 10:40 PM CST, per the paperwork and spreadsheet information submitted to Comcast and in-turn to John Doe.

3. Plaintiff's subpoena to Comcast also does not provide information on the amount of data shared and/or the duration of the data shared on the internet. Therefore it is plausible that John Doe inadvertently clicked on a link which started the alleged copyright movie download and/or upload for a split-second, thereby not downloading and/or uploading 100% or 50% or even a full 1% of the movie being claimed by the Plaintiff as their copyrighted work.

4. Plaintiff's subpoena also fails to state the validity of gathered information on John Doe, as represented in the supplied and alleged evidence submitted in form of a list of I.P. Addresses to Comcast, which in-turn was submitted to John Doe. Therefore it is plausible that Plaintiff can not guarantee with 100% accuracy, the validity of the I.P. Address of John Doe

submitted to Comcast, and the Plaintiff also fails to detail the validity of how they gathered this I.P. Address.

5. John Doe would also bring to the Court's attention the prevalence of computer hackers and their ability to copy or spoof I.P. Addresses and Media Access Controller addresses thereby falsely assuming John Does internet identity and/or hijacking his computer without John Doe's knowledge. John Doe does submit to having wireless security enabled on his personal home network, but cannot guarantee it's unauthorized use and/or hacking thereof.

WHEREFORE, movant prays that the Court grant him motion to quash subpoena.

<u>John Doe (User of I.P. Address 69.264.214.205)</u>
Movant

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>FEBRUARY 24, 2011</u>
(date)

3.