**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CP PRODUCTIONS, INC. | ) | |
| | ) | CASE NO.: 1:10-cv-06255 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge: Hon. Milton I. Shadur |
| | ) | Magistrate Judge: Hon. Nan R. Nolan |
| DOES 1 – 300 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## PLAINTIFF'S *EX PARTE* MOTION FOR RECONSIDERATION AND FOR LEAVE TO FILE ITS FIRST AMENDED COMPLAINT

Plaintiff CP Productions, Inc. ("CP") respectfully moves the Court to reconsider its Order dismissing Plaintiff's Showing of Good Cause under Rule 4(m) of the Federal Rules of Civil Procedure and to grant Plaintiff leave to file a First Amended Complaint.

1. CP seeks leave of this Court to file a First Amended Complaint, which is attached to this Motion as Exhibit A, to add an additional count for civil conspiracy, which CP believes will squarely address the Court's comments regarding personal jurisdiction, venue and joinder. In connection with this request, CP respectfully asks the Court to reinstitute its action.

2. CP filed its Complaint seeking injunctive and other relief in this matter on September 29, 2010. In its Complaint, CP alleged that three hundred thieves had joined a BitTorrent protocol-based computer network to collaborate in stealing a movie that CP had produced and copyrighted. CP filed its complaint to combat the ubiquitous digital theft that threatens to put it and other creative professionals out of business.

3. CP used its Complaint to describe how the Defendants used the BitTorrent protocol to distribute pieces of Plaintiff's movie to other thieves in exchange for missing pieces

until they managed to collect an entire copy of Plaintiff's movie. Rather than alleging 300 separate thefts, CP alleged that the Defendants had acted in concert by utilizing the BitTorrent file transfer protocol to exchange pieces of Plaintiff's movie among one another.

4. CP also described the anonymous nature of Internet-based theft. Rather than acting in the light of day, the Defendants stole Plaintiff's movie under the cover of their IP addresses, which meant that CP could not simply name the thieves in its Complaint, but instead would be required to first seek discovery from the Defendants' Internet Service Providers to learn their identities.

5. This Court granted CP's request for leave to take discovery from Internet Service Providers on October 13, 2010.

6. On February 7, 2011, this Court, *sua sponte,* dismissed CP's complaint without prejudice due to Plaintiff's failure to serve all the Defendants within 120 days of filing of the original complaint.

7. On February 8, 2011, after working through the night, Plaintiff's counsel filed a Motion to Reconsider with respect to the Court's February 7th order.

8. On February 11, 2011, Plaintiff's attorney appeared before the Court and explained that it was physically impossible to serve a majority of the Defendants as Plaintiff was awaiting the response to the subpoenas issued pursuant to the Court's Order that would identify the John Doe thieves. This Court entered and continued Plaintiff's motion and set a status date of April 14, 2011.

9. On January 31, 2011, an anonymous person filed a Motion to Quash ("Motion").

10. The Motion was fraudulent on its face, as the movant purports that his name is "Possible John Doe." It is somewhat unsurprising that an individual involved in theft would be

less than truthful to this Court, particularly when he is allowed to operate under the cloak of anonymity.

11. The anonymous movant also failed to notice his motion for presentment, as required by L.R. 5.3(b) and failed to receive the Court's leave prior to filing the Motion.

12. Furthermore, the Motion was riddled with flagrant misstatements of fact and plainly inapplicable case law.  For example, in paragraph 12 of the Motion, Movant alleged that "[T]he Complaint in this matter does not allege any actual instances of downloading…." Even a superficial review of the Complaint would reveal multiple allegations of reproduction and distribution.  With respect to case law, the cases cited by Movant bear no relation to the allegations in this case.  For example, by Movant's own admission, *National Car Rental System v. Computer Assoc.*, 991 F.2d 426, 434 (8th Cir., 1993) stands for the proposition that infringement of distribution rights requires distribution.  Here, Plaintiff alleged actual distribution by Defendants, which renders *National Car Rental System* inapplicable to this case.

13. Movant's statements regarding personal jurisdiction were also misplaced.  After all, Courts do not exercise personal jurisdiction over "Possible Defendants," but only "actual Defendants." Moreover, Plaintiff's personal jurisdiction allegations relate not to domicile, but to the fact that Movant directed tortious activity (i.e. copyright infringement) towards Illinois.

14. Indeed, the Motion appears to be a xeroxed copy of a motion filed by John Does in other, similar, cases and routinely denied by other courts.

15. This Court granted the Motion even though it was never presented and Plaintiff never had an opportunity to file a response.

16. The purpose of presenting a motion and allowing an opposing party to file a response is so that the Court is aware of 'both sides' of an issue.  Additionally, this adversarial

process also insures that courts are made aware of when one side is misleading the court, or misstating facts of the case. This is particularly important in cases such as this one in which unrepresented parties intentionally mislead the court with factual inaccuracies, and wild misrepresentations of case law.

17. Plaintiff was in the process of preparing a motion to strike the Motion for violating L.R. 5.3(b) due to its obvious defects, including the fraud committed by the movant in lying to this Court as to his name, and the disregard the movant had for this Court in failing to present his Motion.

18. This Court in its February 24, 2011 Order refers to the Motion to explain its order. The Order was entered without affording Plaintiff an opportunity to address the blatant inaccuracies in the Motion, or file any response whatsoever.

19. Based on this Court's comments in its February 24, 2011 order, Plaintiff asks this Court leave to file an amended Complaint that addresses the comments of this Court.

20. Under Federal Rule 15, the court "should freely give leave" to file an amended complaint "when justice so requires." Fed. R. Civ. P. 15(a). A complaint merely serves to put defendants on notice, and should be "freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice defendants." *Lockett v. Conlon,* 561 F. Supp. 2d 970, 974 (N.D. Ill. 2008) (citing *Umar v. Johnson*, 273 F.R.D. 494, 503 (N.D. Ill. 1997)). The rule "reflects a liberal attitude towards the amendment of pleadings – a liberality consistent with and demanded by the preference for deciding cases on the merits." *Duthie v. Matria Heathcare, Inc.*, 254 F.R.D. 90, 94 (N.D. Ill. 2008) (citing *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)).

21. Because the Federal Rules only require notice pleading, Plaintiff is not required to prove its entire case in the initial Complaint, or address every possible defense that can be raised by opposing parties.

22. "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bower v. Jones*, 978 F.2d 1004, 1010 (7th Cir. 1992) (reversing denial of leave to amend where new facts discovered near end of discovery).

23. No such reason is present here, and CP respectfully submits that leave to amend is warranted.

24. First, CP's motion is not the result of undue delay. To the contrary, it has been filed as early as was reasonably practicable. This Court denied Plaintiff's Motion to Reconsider less than two weeks ago. *See Allstate Ins. Co. v. St. Anthony's Spine & Joint Inst.*, No. 06 C 7010, 2010 WL 3274283, *4 (N.D. Ill. Aug. 17, 2010) (granting leave to amend as timely where "there is no indication that Plaintiff could have filed its motion at an earlier juncture in the case").

25. Second, CP's First Amended Complaint is not being filed for a dilatory purpose. In filing its Amended Complaint, CP does not seek to gain additional discovery, *Camp v. Centrue Fin Corp.*, No. 08-4020, 2010 WL 1333811, *11 (N.D. Ill. March 31, 2010) (granting leave to amend where, because plaintiff did not seek additional discovery, defendants were not

prejudiced), or to delay any aspects of its case. Instead, CP simply seeks to add an additional count of conspiracy.

26. Third, the existing Doe Defendants will not be unduly prejudiced or surprised by the Amended Complaint. *United States ex rel. Clay v. Hulick*, No. 02 C 8370, 2006 WL 756028, *3 (N.D. Ill. March 22, 2006) (J. Coar) Case: 1:10-cv-06024 Document #: 57 Filed: 10/26/10 Page 3 of 7 PageID #:779 - 4 - CHI-1777099v1 ("because this amendment makes no substantive change to the remaining claims in the petition, but essentially grounds claim one on fats [sic] identical to those asserted for claims two and five, the amendment does not prejudice the State").

27. Finally, CP's amendment is not futile. An amendment is only "futile if it sets forth facts or legal theories that are redundant, immaterial, or unresponsive to the allegations in the complaint." *Campania Mgmt. Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 850 (7th Cir. 2002) (citing *DeSalle v. Wright,* 969 F.2d 273, 277-78 (7th Cir. 1992)).

28. The count of conspiracy is grounded in the facts of this case and would address the Court's comments about personal jurisdiction and joinder. Specifically, the allegations in the First Amended Complaint describe how each of the Defendants engaged in a concerted action with every other Defendant to reproduce and distribute Plaintiff's copyrighted works and how the Defendants directed copyright infringement, a tortious activity, towards Illinois and caused harm in Illinois, thus subjecting them to personal jurisdiction in Illinois regardless of their state of domicile.

29. It would be inefficient and improper for each Defendant to be sued individually for a collective tort, such as conspiracy, when each Defendant was actively and knowingly working with each other Defendant to commit copyright infringement together.

30. 300 cases against each Defendant would lead to different verdicts, leading to mass confusion among the different courts and the inevitable conflicting opinions. It would be in the best interest of judicial uniformity for one court to examine the conspiracy among the Defendants together.

31. If CP is not allowed to file an amended Complaint and is required to file a lawsuit against each John Doe individually, it will result in unnecessary expense for all parties, particularly the Defendants. If the Plaintiff is successful in proving statutory infringement, it will be entitled to legal fees from the Defendant in each case.

WHEREFORE, Plaintiff, CP, respectfully requests this Court to reinstitute this action and grant CP Productions leave to file its Amended Complaint.

Respectfully submitted,

CP PRODUCTIONS, INC.

**DATED:** March 8, 2011

By: /s/ John Steele_____
John Steele (Bar No. 6292158)
Steele Hansmeier PLLC
161 N. Clark St.
Suite 4700
Chicago, IL 60601
312-880-9160; Fax 312-893-5677
jlsteele@wefightpiracy.com
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 25, 2011, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

    /s/ John Steele
    JOHN STEELE